IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY GARCIA,

      Plaintiff,

vs.                                                                                                     No. CIV 18-1032 JB\KK

ERICH F. COLE, TRUDY RED-CHASE,
BARRY D. SHARER, BRADFORD J. DALLEY,
SCOTT SANDEFER, KYLE DAVIS,
A. SANCHEZ, M. CHAPMAN, SANDRA FIELDS,
STATE OF NEW MEXICO, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion to Proceed in District Court Without Prepaying Fees or Costs, filed November 6, 2018 (Doc. 3)("Application"); and (ii) Defendants Scott Sandefer, Kyle Davis, Anthony Sanchez and Marvin Chapman's Rule 12(b)(6) Motion to Dismiss, filed November 26, 2018 (Doc. 5)("Motion to Dismiss"). Plaintiff Anthony Garcia appears pro se. The primary issues are: (i) whether Garcia is unable to pay the costs of these proceedings; and (ii) whether the Complaint states a claim on which relief may be granted. For the reasons set out below, the Court will: (i) grant Garcia's Application; (ii) grant Defendants Sandefer, Davis, Sanchez and Chapman's Motion to Dismiss; and (iii) dismiss this case without prejudice for failure to state a claim on which relief can be granted.

## PROCEDURAL BACKGROUND

Garcia filed a Decree **Injunction** over State of New Mexico, Inc. and Causal Agent(s) for Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 Relief Due to Violation of Plaintiff's 5th Amendment Rights to Due Process, Constitutional Violations, Conspiracy Against Rights,

Deprivation of Rights Under Color of Law, Fraud, Unlawful Taking of Property in Disregard to Original Laws, for Violation of Equal Protection Under the Law . . . , filed November 6, 2018 (Doc. 1)("Complaint").  The Complaint states: "This Honorable Court DECREE **Injunction** mandate the STATE OF NEW MEXICO and Casual Agency(s) to stop any further LEGAL action."  Complaint ¶ 1, at 2.  The Complaint does not allege any facts regarding the Defendants' actions or how those actions harmed Garcia, and states: "I, Anthony Garcia, Plaintiff, Aggrieved Party, an Injured Party shall enter an amended petition with all the particulars as a Testimony in a form of an Affidavit."  Complaint ¶ 4, at 3.  Garcia has not filed an amended petition.

Garcia's Application states: (i) his "[a]verage monthly income amount during the past 12 months" is $1,600.00; (ii) his "[t]otal monthly expenses" are $1,475.00; (iii) he is unemployed; (iv) he has no cash and no money in bank accounts; and (v) his daughter relies on him for support.  Application at 2-3, 5.  Garcia signed an "Affidavit in Support of the Application," stating "I am unable to pay the costs of these proceedings" and declaring under penalty of perjury that the information he provided in the Application is true.  Application at 1.

Defendants Scott Sandefer, Kyle Davis, A. Sanchez, and M. Chapman filed the Motion to Dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, stating:

> The Complaint is so lacking in any comprehensible statement of facts or claims, defendants are unable to determine what or when, if anything, they allegedly did and, if so what injury plaintiff is even claiming.  As no facts have been plead, none can be accepted as true as required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The only thing clear about the complaint is that it fails to state a claim to relief that is plausible on its face.  Therefore, the complaint should be dismissed.

Motion to Dismiss at 4.  Garcia has not filed a response opposing the Motion to Dismiss.

# **LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS**

The statute for proceedings in forma pauperis, 28 U.S.C. § 1915(a) ("IFP"), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 Fed. App'x. 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 Fed. App'x. 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according

to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[1]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim, and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). In reviewing the Complaint, the district court applies the same

---

[1]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally, and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING IN FORMA PAUPERIS COMPLAINTS

The court has discretion to dismiss an in forma pauperis complaint sua sponte pursuant to § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also has discretion to dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d at 1109 (quoting McKinney v. Okla. Dep't of Human Services, 925 F.2d at 365). To survive dismissal under rule 12(b)(6), a plaintiff must allege sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009). In the context of a pro se complaint, the court applies the same legal standards that apply to pleadings that counsel draft, but liberally construes the complaint's allegations. See Northington v. Jackson, 973 F.2d at 1520-21.

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

The court has the discretion to dismiss an in forma pauperis complaint sua sponte for failure to state a claim upon which relief may be granted under either rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under rule 12(b)(6), the court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d at 1109 (quoting McKinney v. Okla. Dep't of Human Services, 925 F.2d at 365. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." See Twombly, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. Twombly, 550 U.S. at 570.

Under § 1915(e)(2)(B), a court may dismiss a complaint at any time if the court determines the action fails to state a claim for relief, or is frivolous or malicious. See 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). See also Hall v. Bellmon, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. See Denton v.

Hernandez, 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations, but, instead, may go beyond the pleadings and consider any other materials that the parties file, as well as court proceedings subject to judicial notice. See Denton v. Hernandez, 504 U.S. at 32-33.

In reviewing a pro se complaint, a court liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d at 1520-21. Given that the same legal standards apply to all litigants, a pro se plaintiff must abide by the Court's applicable rules. See Ogden v. San Juan County, 32 F.3d at 455. A court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. See Hall v. Bellmon, 935 F.2d at 1110.

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.). The complaint's sufficiency is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all

wellpled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing <u>Moore v. Guthrie</u>, 438 F.3d 1036, 1039 (10th Cir. 2006)(McKay, J.)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. <u>See</u> <u>Twombly</u>, 550 U.S. at 570; <u>Mink v. Knox</u>, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." <u>Ridge at Red Hawk, LLC v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis omitted). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(citations omitted)(quoting Twombly, 550 U.S. at 570).

Although affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions. First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss. See Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)); Robbins v. Oklahoma, 519 F.3d at 1247. Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent on the complaint's face. See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."). The limitations defense is the affirmative defense that the complaint's uncontroverted facts is most likely to establish. See 5 Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2004). If the complaint sets forth dates that appear to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6). See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955)(Wallace, J.); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945)(Phillips, J.); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute. The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may merely be argued in response to the motion. Cf. Kincheloe v. Farmer, 214 F.2d 604, 605 (7th Cir.

1954)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense). It appears that, from case law in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates. See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007)(Niemeyer, J.); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(Ripple, J.). Although the Tenth Circuit has not squarely addressed this practice, the Court has permitted this practice. See Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188 (D.N.M. 2014)(Browning, J.).

## **LAW REGARDING 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive rights; and substantive rights must come from the Constitution of the United States of America or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights . . . ." (internal quotation marks, alteration, and citation omitted)). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that

the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States of America has clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675; Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006))(internal quotation marks omitted). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional

violations. See Garcia v. Casuas, No. CIV 11-0011, 2011 WL 7444745, at *25-26 (D.N.M. 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to Bivens [v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)],[2] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights. . . secured by the Constitution . . . ."

Dodds v. Richardson, 614 F.3d at 1199. The Tenth Circuit notes, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200. It concludes that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200. More specifically, the Tenth Circuit recognizes that there must be "an affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)). The specific

---

[2] In Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court held that a violation of the Fourth Amendment of the Constitution of the United States of America "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389.

example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed. See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit notes that the Supreme Court concludes, in Rizzo v. Goode, that there was a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations." Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## **ANALYSIS**

Having carefully reviewed the Complaint, the Application, and the relevant law, the Court will: (i) grant Garcia's Application; (ii) grant Defendants Sandefer, Davis, Sanchez and Chapman's Motion to Dismiss; and (iii) dismiss this case for failure to state a claim upon which relief can be granted.

The Court will grant Garcia's Application to proceed in forma pauperis, because: (i) he signed an affidavit stating that he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in his Application is true; (ii) his "[a]verage monthly income amount during the past 12 months" is $1,600.00; (iii) his "[t]otal monthly expenses" are $1,475.00; (iv) he is unemployed; (v) he has no cash and no money in bank accounts; and (vi) his daughter relies on him for support. Application at 1-3, 5. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (stating that, while a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life"). Although § 1915 provides that the "officers of the court shall issue and serve all process, and

perform all duties in [proceedings in forma pauperis]," 28 U.S.C. § 1915(d), the Court will not order service of Summons and Complaint on Erich Cole, Trudy Red-Chase, Barry Sharer, Bradford Dalley, Scott Sandefer, Kyle Davis, A. Sanchez, M. Chapman, Sandra Fields, or State of New Mexico, Inc., because the Court is dismissing this case for failure to state a claim upon which relief can be granted.

Garcia's Complaint references "42 U.S.C. § 1983." Complaint ¶ 3, at 2. If Garcia intends the Complaint to be a § 1983 action, the Court must dismiss the action without prejudice for failure to state a claim upon which relief can be granted, because a plaintiff asserting a § 1983 claim "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation." Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d at 1000). Garcia does not allege any facts showing that Erich Cole, Trudy Red-Chase, Barry Sharer, Bradford Dalley, Scott Sandefer, Kyle Davis, A. Sanchez, M. Chapman, Sandra Fields, or State of New Mexico, Inc., deprived him of a federal right. Consequently, Garcia has not stated a claim under § 1983.

Garcia also appears to assert claims pursuant to 18 U.S.C. §§ 241 and 242, which prohibit acts of conspiracy against rights of citizens, interference with federally protected activities, and the deprivation of federal rights under color of law. See Complaint at 4. The Court must dismiss those claims for failure to state a claim. See Kelly v. Rockefeller, 2003 WL 21386338, at *2 (10th Cir.)(holding "[t]he district court correctly dismissed plaintiff's claims under 18 U.S.C. § 241 and § 245, for failure to state a claim, because the criminal statutes do not provide for private civil causes of action").

**IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed November 6, 2018 (Doc. 3), is granted; (ii) Defendants Scott

Sandefer, Kyle Davis, Anthony Sanchez and Marvin Chapman's Rule 12(b)(6) Motion to Dismiss, filed November 26, 2018 (Doc. 5), is granted; and (iii) this case is dismissed without prejudice pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted; and (iv) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Anthony Garcia
Los Lunas, New Mexico

 *Plaintiff pro se*

Sandra Fields
Aztec, New Mexico

 *Defendant pro se*

Rich Tedrow
Farmington, New Mexico

 *Defendant pro se*

Erich Cole
Aztec, New Mexico

 *Defendant pro se*

Trudy Red-Chase
Aztec, New Mexico

 *Defendant pro se*

Barry Sharer
Aztec, New Mexico

 *Defendant pro se*

Bradford Dalley
Aztec, New Mexico

 *Defendant pro se*

Amy L. Glasser
Potts & Associates
Albuquerque, New Mexico

 *Attorney for Defendants Scott Sandefer, Kyle Davis, A. Sanchez, and M. Chapman*